UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAR CONTRACTORS, INC., ET AL | CIVIL ACTION |
| VERSUS | NO. 14-928 |
| WILLIAM M. SACKS, ET AL | SECTION "C" (3) |

ORDER

This matter comes before the Court on the issue of whether diversity of citizenship existed at the time of removal. Having considered the record, the memoranda of counsel and the law, the Court determines that remand is appropriate for the following reasons.

The plaintiffs, Par Contractors, Inc., a Louisiana citizen, and Louisiana Home Builders' Association Self Insurers Fund ("Fund"), a trust fund, filed suit in state court seeking recovery of amounts paid to injured workers against William M. Sacks, an Illinois citizen, and William Sacks Insurance, an agency and sole proprietorship alleged to be a citizen of Illinois. The defendants removed on the basis of diversity, and the Court ordered that the issue of subject matter jurisdiction be briefed. The parties agree that the Fund is a trust fund, and that at least one of its members appears to be a citizen of the state of Illinois, thereby defeating jurisdiction under the rule of *Carden v. Arkoma*

*Associates*, 494 U.S. 185 (1990), which resisted extending the rule treating corporations as citizens to other artificial entities. Nonetheless, the parties urge the Court to maintain jurisdiction over the matter.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). The removing party bears the burden of showing the existence of diversity and the propriety of removal. *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

Because of the absence of sound legal authority for the proposition that the citizenship of a trust fund should not be measured by the citizenship of its members, the defendants have not met their burden to show that diversity exists in this removed matter. *See* C. Wright, A. Miller & E. Cooper, 13F *Federal Practice & Procedure: Civil*,

§3730.1; *Constantin Land Trust v. Epic Diving & Marine Services*, LLC, 2013 WL 1292275 (E.D.La.)(M.J.Wilkinson). The requisite proof of diversity is not in the record and to retain this matter would be based on consent alone.

Based on the record and the law, the Court finds that the defendants have not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 21st day of July, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE